UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WILLIAM DIXSON,                                    ) | |
| ) | |
| Plaintiff,      ) | |
| ) | |
| v.                                 ) | No. 2:21-cv-00169-JPH-MG |
| ) | |
| RICHARD BROWN,                             ) | |
| JERRY SNYDER,                              ) | |
| CHARLES DUGAN,                             ) | |
| RANDALL PURCELL,                           ) | |
| JERRICHA MEEKS,                            ) | |
| JOSHUA COLLINS,                            ) | |
| SHERIFF ROBERT CARTER,                     ) | |
| JACK HENDRIX,                              ) | |
| ) | |
| Defendants.   ) | |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

William Dixson is an Indiana inmate currently housed at Wabash Valley Correctional Facility. He brought this prisoner civil rights action alleging that various Wabash Valley officials violated his due process rights by failing to provide him periodic and meaningful reviews while he was housed in solitary confinement from 2015 to 2020. Defendants now move for summary judgment on their affirmative defense that Plaintiff failed to exhaust his administrative remedies. Dkt. [31]. For the reasons that follow, Defendants' motion is **granted**.

**I.
Standard of Review**

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts,

1

and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Cmty. Sch.*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572-73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court is only required to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

## II.
## Factual Background

Because Defendants have moved for summary judgment under Rule 56(a), the Court views and recites the evidence "in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted).

In April 2015, Mr. Dixson was placed in Department Wide Administrative Restrictive Status Housing (DWARSH). Dkt. 18-6, Declaration of Matt Leohr ¶¶ 10, 18. Restrictive status housing is a form of housing for offenders whose

continued presence in the general population would pose a serious threat to life, property, self, staff, or other offenders, or to the security or orderly operation of the facility. *Id.* ¶ 7. Mr. Dixson remained in DWARSH for approximately five years, until August 2020. *Id.* ¶ 10. While housed in DWARSH between April 2015 and August 2020, Mr. Dixson received more than sixty reviews of his classification status.

Two types of classification and status reports were used to review his placement, "Reports of Classification Hearing" ("ROCHs"), and thirty-day restrictive status housing reviews ("ASRs").[1] *Id.* ¶ 12. A ROCH has a section for the case worker to recommend whether an inmate should remain in restricted housing, and a section for the supervisor to review the recommendation and either approve or deny it. *See* dkt. 18-7, Reports of Classification Hearing. Mr. Dixson received at least twelve ROCHs while in restricted housing. *Id.* at 1, 6, 8, 9, 14, 15, 28, 37, 51, 68, 86, 90.

An ASR includes a section for the case worker to review the inmate's status and explain whether continued placement in restricted housing is necessary. *See* dkt. 18-7 at 20. These reports are required to be issued every thirty days. *See* Ind. Code § 11-10-1-7(b).  Mr. Dixson received at least fifty ASRs. Dkt. 18-7 at 20, 21, 25, 27, 29, 31, 33, 35, 36, 42–50, 57–67, 73–85, 87–89, 94–97.

ROCHs and ASRs can be appealed by using the process outlined in IDOC Policy No. 01-04-101, the "Adult Offender Classification" policy. Dkt. 18-6 ¶ 13;

---

[1] This category of documents has various titles, including 30-Day reviews.  They are substantially identical to one another regardless of title and the Court refers to each of these documents as an Administrative Segregation Review (ASR) for simplicity.

3

Dkt. 18-12, Adult Offender Classification Policy Eff. 3/1/19.[2] Under this policy, if an inmate wants to appeal a classification decision, he can file a written appeal using State Form 9260 within ten days from the date the inmate received the decision. *Id.*; *see* dkt. 18-13, Reports of Classification Hearings with Notice of Right to Appeal; *see also Crouch v. Brown*, 27 F.4th 1315, 1319 (7th Cir. 2022).

The right to appeal classification decisions is explained to offenders during their orientation, and copies of all applicable policies of the IDOC are available within the law library. Dkt. 18-6 ¶ 19. Even in restricted housing, the appeal process is available to inmates. *Id.* ¶ 20. Additionally, beginning in February 2019, IDOC added language to each ASR explaining the appeal process. *Compare* dkt. 18-7, Reports of Classification Hearing, *with* dkt. 18-13, Reports of Classification Hearing with Notice of Right to Appeal. The following language was added in February 2019:

> Placement on Department-Wide Administrative Status Housing may be appealed by submitting a classification appeal (SF 9260) within ten working days of admission to a Department-Wide Restrictive Status Housing Unit or any subsequent Classification action (i.e. 30 Day or 90 Day reviews).

*See* dkt. 18-13 at 13–17, ASRs from February 2019 to June 2019. The Department changed the ASR form again in July 2019 but kept the language regarding appeals. *Id.* at 1–12.

Mr. Dixson never appealed any ROCH or ASR. *Id.* ¶ 23.

---

[2] The IDOC went through multiple different versions of its classification policy while Mr. Dixson was designated to restrictive housing. *See* dkts. 18-8, 18-9, 18-10, 18-11, 18-12. The differences among these versions of the policy are immaterial to Defendants' motion for summary judgment, and each version included a similar appeal process, so the Court cites the most recent version for simplicity.

## III.
## Discussion

The Prison Litigation Reform Act ("PLRA") requires inmates to exhaust their available administrative remedies before suing in federal court. 42 U.S.C. § 1997e(a); *Williams v. Wexford Health Sources, Inc.*, 957 F.3d 828, 831 (7th Cir. 2020). This requirement is mandatory; a court cannot excuse an inmate's failure to exhaust. *Ross v. Blake*, 578 U.S. 1174, 1856 (2016). To satisfy the Act's exhaustion requirement, an inmate must strictly comply with the prison's administrative rules for filing grievances. *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020). If an inmate fails to comply with the prison's administrative rules, their suit must be dismissed for failure to exhaust. *Crouch v. Brown*, 27 F.4th 1315, 1321 (7th Cir. 2022) ("[A] prisoner must exhaust his or her administrative remedies before filing a federal claim about prison conditions.").

Defendants argue that they are entitled to summary judgment because Mr. Dixson did not appeal any classification review and, therefore, failed to exhaust administrative remedies. Dkt. 32. Mr. Dixson admits that he did not appeal any classification review but argues that he wasn't obligated to because of the number of reviews he received relative to the length of time he spent in DWARSH. Dkt. 33; dkt. 34. Both parties cite *Crouch v. Brown*, 27 F.4th 1315 (7th Cir. 2022), in support of their respective positions. There, Mr. Crouch spent nearly four years in solitary confinement at Wabash Valley. *Id.* at 1318. During that time, he received dozens of classification and status reports reviewing his housing status but did not appeal any of these decisions. *Id.*

Like Mr. Dixson, Mr. Crouch nonetheless filed a lawsuit alleging that Defendants had violated his due process rights by failing to give him meaningful periodic reviews of his placement in DWARSH. *Id.* at 1319. Defendants moved for summary judgment on the grounds that Mr. Crouch had not exhausted his administrative remedies under the PLRA, and the district court granted summary judgment in Defendants' favor. *Id.* The Seventh Circuit affirmed, finding that Mr. Crouch had not appealed any of the 56 classification review decisions he received while in DWARSH. *Id.* at 1322. Because Mr. Crouch was aware of the appeals process and it was available to him, the court found that he failed to exhaust his administrative remedies. *Id.*

Like Mr. Crouch, Mr. Dixson was in restricted housing at Wabash Valley for several years, dkt. 18-6, ¶ 10, and during that time received dozens of reviews of his placement. Dkts. 18-7, 18-13. Also like Mr. Crouch, Mr. Dixson was provided notice of the appeals process on at least some of his reviews, but he did not appeal any of his classification reports, dkt. 18-6 at ¶ 23; *Crouch*, 27 F.4th at 1319 ("Crouch did not appeal any of these reviews, either before or after the addition of the new language.") Therefore, Mr. Dixson failed to exhaust his administrative remedies before filing suit. *Crouch*, 27 F.4th at 1322.

Mr. Dixson argues that his case is distinguishable from *Crouch* because he received fewer reviews than Mr. Crouch received despite being housed in restricted housing for a longer amount of time. Dkt. 34 at 3. But for exhaustion purposes, that distinction is immaterial. The record reflects that Mr. Dixson was provided dozens of reviews, dkts. 18-7, 18-13; was provided written notice of his

6

right to administratively appeal his placement in restrictive housing on several occasions, dkt. 18-6 ¶ 21; and he did not appeal any decision regarding his continued placement in DWARSH. *Id.* ¶ 21. Further, Mr. Dixson does not argue the process was unavailable or that he attempted to appeal but was not provided a response.³ *Cf. Wallace v. Baldwin,* 55 F.4th 535, 544 (7th Cir. 2022) (reversing district court's grant of summary judgment to consider the question of availability of remedies where the Plaintiff argued the grievance process was unavailable). He only argues the numbers were different here than in *Crouch*, but for reasons just explained, that distinction does not meaningfully distinguish *Crouch*. As such, Mr. Dixson failed to exhaust his administrative remedies. *Crouch*, 27 F.4th at 1322. His claims must be dismissed without prejudice. *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.")

## IV.
## Conclusion

Defendants' motion for summary judgment, dkt. [31], is therefore **granted**. Final judgment shall enter accordingly.

**SO ORDERED**.

Date: 2/23/2023

                                                James Patrick Hanlon
                                                United States District Judge
                                                Southern District of Indiana

---

³ To this point, Mr. Dixson has not argued the appeal process was unavailable because the appeal process was not explicitly included on the ASRs prior to February 2019. Nor has he argued the change in language on the ASRs in February 2019 and in July 2019 somehow rendered the process unavailable. These changes are therefore immaterial, at least on this record.

Distribution:

Brandyn Lee Arnold
INDIANA ATTORNEY GENERAL
brandyn.arnold@atg.in.gov

Jeffrey R. Cardella
LAW OFFICE OF JEFF CARDELLA LLC
jeffcardella@cardellalawoffice.com

Kyle L. Christie
CHRISTIE FARRELL LEE & BELL, P.C.
kyle@cflblaw.com